TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00094-CV







TSP Development, Limited, Appellant



v.



Texas Natural Resource Conservation Commission, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 98-08265, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING








 TSP Development, Limited ("TSP") appeals from a trial court judgment denying
TSP relief on statutory causes of action brought against the Texas Natural Resource Conservation
Commission (the "Commission"). (1) We will reverse the judgment and remand the controversy to
the Commission. See Tex. R. App. P. 43.2.


THE CONTROVERSY


 The material facts are undisputed and the relevant issues on appeal raise pure
questions of law only, as discussed hereafter.

 The legislature has authorized the Commission to issue permits for the construction,
operation, and maintenance of solid-waste disposal facilities. See Tex. Health & Safety Code
Ann. § 361.061 (West Supp. 2000). TSP filed with the Commission an application for the
requisite permit to construct and operate such a facility within Chambers County. In the course
of the administrative proceeding that followed, the Commission suspended consideration of the
application and returned it to TSP. For reasons that will appear below, TSP contends on appeal
that the agency action was prejudicial and legally erroneous. A chronological summary will aid
in understanding the controversy.

 October 1996. TSP filed with the Commission TSP's application for the permit. 
At the time, a subsisting statute provided as follows:


The approval, disapproval, or conditional approval of an application for a permit
shall be considered by each regulatory agency solely on the basis of any orders,
regulations, ordinances, rules, expiration dates, or other duly adopted requirements
in effect at the time the original application for the permit is filed.



Tex. Gov't Code Ann. § 481.143(a) (since repealed). (2)

 February 1997. The Commission determined that TSP's application was
"administratively complete" and began a "technical review" of the application. The quoted terms
refer to stages of the Commission's consideration of such applications under applicable statutory
provisions and regulations. (3)

 June 1, 1997. The legislature repealed former section 481.143(a) of the Texas
Government Code requiring that permit applications be considered solely on the basis of
regulations, ordinances, "or other duly adopted requirements in effect at the time the original
application for the permit is filed." (See supra note 2 and accompanying text).

 February 17, 1998. Chambers County adopted an ordinance designating specified
areas of the county in which solid waste may be disposed and prohibiting the disposal of such
wastes in all other areas of the county. (4) The facility site proposed by TSP in its application lies
outside the areas where solid waste may be disposed and is, therefore, subject to the prohibition.

 March 11, 1998. In a letter sent to TSP, the Commission's executive director
informed TSP as follows:


The [Chambers County] Ordinance appears to be facially valid and prohibits TSP
from disposing of solid waste on its proposed site . . . .


Under § 305.50(2) of the Commission's rules, an application for an industrial solid
waste disposal permit must contain sufficient information to ascertain whether the
facility will be constructed and operated in compliance with all pertinent state and
local law relating to air, public health, and solid waste, 30 Texas Administrative
Code § 305.50(2). At this point, it appears that TSP's proposed facility could not
be operated in compliance with the new Ordinance, which relates to solid waste.



In addition, the letter referred to section 305.50(3) of the Commission's regulations, which
required the executive director to ensure that any proposed facility would comply with the
requirements of the Texas Solid Waste Disposal Act, including the requirement that a proposed
site be "acceptable." (5) "It appears that TSP's proposed site is not acceptable," the Commissioner
stated, "because local law [the Chambers County ordinance] prohibits the siting of the facility in
the area proposed by TSP."

 The executive director concluded the letter by asking that TSP provide information
demonstrating that the "proposed site will comply with the" Chambers County ordinance, stating
that he intended to return the application to TSP if the information was not furnished; or,
alternatively, "TSP may have the question of sufficiency of necessary technical data referred to
the Commission in lieu of the Executive Director returning the application to TSP."

 April 1998. Chambers County amended the ordinance in particulars not material
here.

 May 1998. After TSP elected to have the Commission determine the question of
"sufficiency of necessary technical data," the Commission considered the question and voted to
affirm the executive director's decision.

 June 1, 1998. The Commission issued its order affirming the executive director's
"decision to discontinue technical review of" the TSP application and to return it to TSP.

 June 5, 1998. TSP sued in district court the present cause for relief from the
Commission's decision.

 February 4, 1999. The district court signed a final judgment affirming the
Commission's order.

 TSP perfected an appeal to this Court from the trial court judgment, assigning
seven errors as grounds for reversing the judgment. We need consider only the first assignment
of error, to-wit:  "The Commission erred when it required TSP to demonstrate compliance with
an ordinance adopted by Chambers County after TSP filed its permit application" with the
Commission.


DISCUSSION AND HOLDINGS


 TSP contends former section 481.143(a) of the Texas Health and Safety Code
required the Commission to consider TSP's application "solely on the basis of . . . ordinances . . .
in effect at the time" TSP filed its application. Tex. Health & Safety Code § 481.143(a) (since
repealed, see supra note 2). Consequently the Commission erred to TSP's prejudice when the
agency suspended consideration of TSP's application solely on the basis of a Chambers County
ordinance that was adopted more than a year after TSP filed its application.

 Nevertheless, Chambers County adopted the ordinance after the legislature's 1997
repeal of former section 481.143(a); and, of course, the Commission issued afterward its order
dated June 1, 1998, of which TSP complains on appeal.

 Unless the legislature qualified or limited the effect of its 1997 repeal of former
section 481.143(a), the Commission was required to give the repeal immediate effect in the
administrative proceeding then before the agency, and any right TSP possessed under former
section 481.143(a) terminated contemporaneously with its repeal. See Knight v. International
Harvester Credit Corp., 627 S.W.2d 382, 384 (Tex. 1982); National Carloading Corp. v.
Phoenix-El Paso Express, Inc., 176 S.W.2d 564, 568 (Tex. 1943).

 After the Commission issued its order of June 1, 1998, and after the district court
affirmed the order in a final judgment signed February 4, 1999, the supreme court delivered its
decision on motion for rehearing in Quick v. City of Austin, 7 S.W.3d 109 (Tex. 1999). The
court held that the 1997 repeal of former section 481.143(a) was, indeed, qualified and limited
by the general savings provisions found in section 311.031(a) of the Government Code. (6) See Tex.
Gov't Code Ann. § 311.031(a) (West 1998); Quick, 7 S.W.3d at 130.


 Because Quick holds the 1997 repeal of former section 481.43(a) was qualified and
limited by section 311.031(a), the repeal "does not affect" the pre-repeal operation of former
section 481.143(a) or any action taken under it, any right or privilege previously acquired or
accrued under that section, or any proceeding concerning any privilege or obligation, as if section
481.143(a) had never been repealed, all as stated in section 311.031(a). Consequently, we hold
that TSP is entitled to have the Commission consider TSP's application as if section 481.143(a)
were in effect during the entire course of the permit-application proceeding in the Commission.

 The Commission contends the Quick decision is limited to the situation where a
regulatory agency (the City of Austin in Quick) seeks to apply its own regulation to an application
filed before adoption of the regulation:  "Quick does not speak specifically to the issue in this
case," the Commission argues, "which concerns whether one governmental body has a duty to
continue processing a permit application when another governmental body takes action that would
make the issuance of the permit a useless act" wasteful of the Commission's time and resources. 
See City of Plano v. Public Util. Comm'n, 953 S.W.2d 416, 422 (Tex. App.--Austin 1997, no
writ) (utility commission's issuance of certificate of convenience and necessity does not exempt
regulated utility from compliance with city ordinances); 30 Tex. Admin. Code § 305.122(a)
(1999) ("[t]he issuance of a permit does not authorize any . . . infringement of state or local law
or regulations."); see also Tex. Health & Safety Code Ann. § 361.096(a) (West 1992) ("except
as specifically provided by this chapter, this subchapter does not limit the powers and duties of
a local government or other political subdivision of the state as conferred by this or other law."). (7)

 We disagree entirely with the Commission's interpretation of the Quick opinion. 
Nothing in the text of the opinion suggests a theory that former section 481.143(a) continues in
force after its repeal only in selected cases--those in which a regulatory agency seeks to apply its
own regulation to a previously filed application--but was repealed without limitation or
qualification in all other cases. The tenor and effect of the Quick opinion will not sustain such
a theory. Quick holds simply that all rights and privileges acquired under former section
481.143(a) before its repeal were not abolished by the repeal. One such acquired right is TSP's
statutory right to have its application considered by the Commission solely on the basis of
regulations and ordinances in effect at the time TSP filed its application, as stated explicitly in
former section 481.143(a).

 We disagree as well with the other elements of the Commission's argument. The
applicability, not the validity, of the Chambers County ordinance is in question here. It is and
remains a presumptively valid ordinance until proved otherwise; but it cannot apply to the
Commission's consideration of TSP's application by reason of the right acquired by TSP before
the repeal of former section 481.143(a). And the Chambers County ordinance was the sole basis
upon which the Commission suspended consideration of TSP's application in the agency's order
of June 1, 1998--a legally erroneous basis under Quick.

 We cannot now speculate as to the outcome of any future administrative or judicial
proceeding in which Chambers County might seek to enforce its ordinance in the face of a
Commission permit, should one ultimately be issued to TSP after proper consideration,
authorizing a waste-disposal facility at the site requested by TSP. (8) Consequently, we cannot
assume that the Commission's further processing of TSP's application in the ordinary manner will
be a wasteful and useless act.

 The sole issue here is whether the Commission was justified in considering the
Chambers County ordinance in its technical review of TSP's application, as against the explicit
prohibition of former section 481.143(a) and the right acquired by TSP before repeal of that
statute. Quick construed former section 481.143(a) to forbid such consideration. By considering
the ordinance as the sole basis of the agency's order of June 1, 1998, the Commission abused its
discretion.


 We reverse the trial court judgment and remand the controversy to the Commission.



 
 

 John E. Powers, Justice

Before Chief Justice Aboussie, Justices Jones and Powers*

Reversed and Remanded

Filed: April 6, 2000

Publish






















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. TSP sued the Commission for declaratory and ancillary relief under the Uniform
Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.003 (West 1997) and as
"[a] person affected by a ruling, order, decision, or other act of the commission" under the Tex.
Health & Safety Code Ann. § 361.321(a) (West Supp. 2000) and the Texas Water Code Ann. §
5.351(a) (West 1988).
2. See Act of May 30, 1987, 70th Leg., R.S., ch. 374, § 1, sec. 7.003(a), 1987 Tex. Gen.
Laws 1823, 1839, amended by Act of May 24, 1995, 74th Leg., R.S., ch. 794, § 1, sec. 481.143,
1995 Tex. Gen. Laws 4147, 4147, repealed by Act of June 1, 1997, 75th Leg., R.S., ch. 1041,
§ 51(b), 1997 Tex. Gen. Laws 3943, 3966. In section 481.12, the statute defined the word
"permit" in terms that include the permit requested by TSP and the term "regulatory agency" to
include the Commission. The statute included certain exceptions to its scope; none of the
exceptions are applicable in the present litigation. Section 481.142 was repealed in 1997 by the
legislative enactment of that year.
3. The Commission is authorized to prescribe the form of permit applications, make
reasonable requirements in that regard, and lay down "the procedures for processing" such
applications. Tex. Health & Safety Code Ann. § 361.064 (West Supp. 2000). An application is
deemed "administratively complete" when submitted to the Commission together with any
required reports and fees, at which point the application becomes ready for "technical review in
accordance with" agency regulations. Id. § 361.068(a)(1), (2). After the Commission determines
that "an application is administratively and technically complete," the application becomes "the
subject of a contested case under Section 2001.003, Government Code," and "the commission
may not revoke the determination that an application is administratively or technically complete." 
Id. § 361.068(b)(1).


After an application is determined to be "administratively complete," the Commission's executive
director must "commence a technical review as necessary and appropriate"; the technical review
must be completed within a specified period of time that may be adjusted for specified reasons and
eventualities. See 30 Tex. Admin. Code § 281.19(a) (1999). The executive director must notify
the applicant promptly if "additional technical material" is necessary for a complete review and
give the applicant time to furnish the material. If essential additional information is not timely
furnished, the executive director may return the application to the applicant, such decisions to "be
made on a case by case basis." Id. § 281.19(b). The applicant may elect, however, to have "the
question of sufficiency of necessary technical data referred to the commission for a decision
instead of having the application returned." Id.


If the technical review proves satisfactory, the executive director prepares a draft permit and
technical summary, with specified contents, to accompany the application. Id. § 281.21. These
documents are referred then to the Commission for filing and setting. Id. § 281.22.
4. A "county may prohibit the disposal of solid waste in the county if the disposal of the
solid waste is a threat to the public health, safety, and welfare." Tex. Health & Safety Code Ann.
§ 364.012(a) (West Supp. 2000). To do so, an ordinance must be adopted by the commissioners
court of the county in the general form prescribed for municipal ordinances and specifically
designate "the area of the county in which solid waste disposal is not prohibited." Id.
§ 364.012(b) (emphasis added).
5. Section 305.50(2) of the Commission's regulations governs the contents of an application
for an "Industrial Solid Waste Permit," and requires that "[t]he information provided shall be
sufficiently detailed and complete to allow the executive director to ascertain whether the facility
will be constructed and operated in compliance with all pertinent state and local air, water, public
health, and solid waste statutes." 30 Tex. Admin. Code § 305.50(2) (1999). Subsection (3)
requires that an applicant submit any other information the executive director deems necessary to
determine whether a proposed facility will comply with the Texas Solid Waste Disposal Act. See
id. § 305.50(3).


Section 351.069 of the Texas Solid Waste Disposal Act, given by the executive director as an
additional basis for his action, provides as follows:  "The commission in its discretion may, in
processing a permit application, make a separate determination on the question of land use
compatibility, and, if the site is acceptable, may at another time consider other technical matters
concerning the application." Tex. Health & Safety Code Ann. § 361.069 (West Supp. 2000)
(emphasis added).
6. With exceptions not material here, section 311.031(a) of the Texas Government Code
provides that "the reenactment, revision, amendment, or repeal of a statute does not affect:


(1)  the prior operation of the statute or any prior action taken under it;


(2)  any validation, cure, right, privilege, obligation, or liability previously
acquired, accrued, accorded, or incurred under it;


. . . .


(4)  any investigation, proceeding, or remedy concerning any privilege, obligation,
liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or
remedy may be instituted, continued, or enforced . . . as if the statute had not been
repealed or amended.


Tex. Gov't Code Ann. § 311.031(a) (West 1998).
7. We observe, however, that the powers and duties of local governments and their
relationship to the Commission's authority are governed particularly, in the management of solid
waste, by sections 361.151-167 of the Texas Health and Safety Code. See Texas Health & Safety
Code Ann. §§ 361.151-.167 (West 1992 & Supp. 2000). A county's exercise of its powers in the
field does not preclude the Commission's exercise of its powers, including the Commission's
powers pertaining to the issuance of "a permit to construct, operate, and maintain a facility to
process, store, or dispose of solid waste" (§ 361.151(b)), and the Commission may, "by specific
action or directive . . . supersede any authority granted to or exercised by a county under"
Chapter 361 of the Code (§ 361.151(c)). These would appear to be an exception "specifically
provided by" Chapter 361. That matter is not now before us, however, as explained in the text
above.
8. See supra note 7.



dditional information is not timely
furnished, the executive director may return the application to the applicant, such decisions to "be
made on a case by case basis." Id. § 281.19(b). The applicant may elect, however, to have "the
question of sufficiency of necessary technical data referred to the commission for a decision
instead of having the application returned." Id.


If the technical review proves satisfactory, the executive director prepares a draft permit and
technical summary, with specified contents, to accompany the application. Id. § 281.21. These
documents are referred then to the Commission for filing and setting. Id. § 281.22.
4. A "county may prohibit the disposal of solid waste in the county if the disposal of the
solid waste is a threat to the public health, safety, and welfare." Tex. Health & Safety Code Ann.
§ 364.012(a) (West Supp. 2000). To do so, an ordinance must be adopted by the commissioners
court of the county in the general form prescribed for municipal ordinances and specifically
designate "the area of the county in which solid waste disposal is not prohibited." Id.
§ 364.012(b) (emphasis added).
5. Section 305.50(2) of the Commission's regulations governs the contents of an application
for an "Industrial Solid Waste Permit," and requires that "[t]he information provided shall be
sufficiently detailed and complete to allow the executive director to ascertain whether the facility
will be constructed and operated in compliance with all pertinent state and local air, water, public
health, and solid waste statutes." 30 Tex. Admin. Code § 305.50(2) (1999). Subsection (3)
requires that an applicant submit any other information the executive director deems necessary to
determine whether a proposed facility will comply with the Texas Solid Waste Disposal Act. See
id. § 305.50(3).


Section 351.069 of the Texas Solid Waste Disposal Act, given by the executive director as an
additional basis for his action, provides as follows:  "The commission in its discretion may, in
processing a permit application, make a separate determination on the question of land use
compatibility, and, if the site is acceptable, may at another time consider other technical matters
concerning the application." Tex. Health & Safety Code Ann. § 361.069 (West Supp. 2000)
(emphasis added).
6. With exceptions not material here, section 311.031(a) of the Texas Government Code
provides that "the reenactment, revision, amendment, or repeal of a statute does not affect:


(1)  the prior operation of the statute or any prior action taken under it;


(2)  any validation, cure, right, privilege, obligation, or liability previously
acquired, accrued, accorded, or incurred under it;


. . . .


(4)  any investigation, proceeding, or remedy concerning any privilege, obligation,
liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or
remedy may be instituted, continued, or enforced . . . as if the statute had not been
repealed or amended.


Tex. Go